IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**ALFRED ELLIOTT**                                                                                    **PETITIONER**
Reg # 97965-024

VS.                             NO. 2:07-CV-00127-BD

**T.C. OUTLAW, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                                **RESPONDENT**

## ORDER

Petitioner is in custody at the Federal Correctional Complex (FCC), Forrest City, Arkansas. He brings this pro se petition for writ of habeas corpus (docket entry #1) under 28 U.S.C. § 2241, seeking review of his eligibility for transfer to a Residential Reentry Center ("RRC").[1] Respondent argues that Petitioner has failed to exhaust his administrative remedies and also contends that Petitioner's claim is not ripe for consideration by this Court because, under the BOP's policy, he will not be considered for RRC placement until March, April, or May of 2008, *i.e.,* eleven to thirteen months prior to his release date. For the reasons set forth below, the petition must be DISMISSED.

---

[1] As of March 31, 2006, the BOP began referring to Community Corrections Centers ("CCC") as Residential Reentry Centers.

1

I.      **Facts**

Petitioner is currently serving a thirty-six month sentence imposed by the United States District Court for the Northern District of Illinois, and is scheduled to be released on approximately April 21, 2009. In April, 2007, before Petitioner went to Chicago for resentencing, he had a "unit team" meeting. Petitioner claims his unit counselor did not attend. At the time of the meeting, Petitioner's projected release date was March 19, 2008. Petitioner's case manager told Petitioner he would be transferred to an RRC but only for the last 10% of his sentence up to a maximum of six months. When Petitioner returned from Chicago, he had another meeting with his case manager and counselor who told him that, because of the change in his sentence, he would not be eligible for transfer until later and would be limited to a maximum of six months in an RRC. Petitioner admits he has not exhausted his administrative remedies.

Petitioner is a diabetic with cardiac problems. The Bureau of Prisons ("BOP") has categorized him as a health care "level 3" which Petitioner claims is a "fragile outpatient" who needs daily to monthly clinical visits and may require hospitalization.

A.      *Exhaustion of Administrative Remedies*

Respondent argues that the Court should dismiss the petition because Petitioner failed to exhaust his administrative remedies. Prisoners are generally required to exhaust their administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241. See *United States v. Chappel*, 208 F.3d 1069 (8th Cir.2000). However, exhaustion is not

required if it would be futile. *Thurman v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D. Ark. Aug. 14, 2006) (citing *Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004)).

Under 28 C.F.R. § 542.13(a), an inmate aggrieved by an action of the BOP must first present the issue informally to staff. If he or she is dissatisfied with the result of the informal process, the inmate may then pursue a three-step, formal grievance process. In the formal process, the prisoner appeals to the Warden, then to the Regional Director, and last, to the Office of General Counsel. The prisoner's administrative remedies have not been exhausted until his grievance has been filed and denied at each step. See *Thurman v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D. Ark. 2006).

Regarding his failure to exhaust, Petitioner makes two arguments. First, he argues that the Respondent has prohibited him from exhausting because his unit counselor has not been to the facility since September 15, 2007. Petitioner claims that without an informal grievance form signed by the unit counselor, he cannot proceed to the formal grievance process. Second, Petitioner argues that exhaustion would be futile because his case manager told him that, under BOP policy, his unit team will not consider his request for transfer to an RRC until eleven to thirteen months prior to his release date and he is demanding a current review of his request. Respondent confirmed this in his answer to the petition, stating, "staff will not review Petitioner for RRC placement until sometime

from March to May of 2008." Given these facts, the Court finds that Petitioner has established that any attempt on his part to exhaust would be futile.

B.      *RRC Placement*

In *Fults v. Sanders*, 442 F.3d 1088 (8th Cir.2006), the Eighth Circuit Court of Appeals ruled that a regulation adopted by the BOP on December 14, 2005, which limited placement in an RRC to the last ten percent of an inmate's sentence, was invalid because the BOP was not making individual placement decisions based on the factors set forth in 18 U.S.C. § 3621(b). After the ruling in *Fults*, the BOP modified its procedures for institutions in this circuit to evaluate inmates for RRC placement utilizing the procedures outlined in Program Statement 7310.04 (the "Program Statement"), Community Corrections Center Utilization and Transfer Procedure, dated December 16, 1998. Under the Program Statement, the BOP makes individual decisions about RRC placement based on the factors set forth in 18 U.S.C. § 3621(b), including the length of sentence, seriousness of current offense, criminal history, programming needs of the inmate, availability of facilities, availability of necessary healthcare, public safety, etc.

Under paragraph 9(a)(1) of the Program Statement, an inmate may be referred for placement to an RRC up to six months in advance of his or her release date, with placement beyond that "possible with extraordinary justification." The Program Statement further provides in paragraph 8(c) that the inmate's unit team will make

recommendations regarding RRC placement eleven to thirteen months before the inmate's projected release date.

Petitioner argues that the BOP is violating the Eighth Circuit's ruling in *Fults* and the Program Statement by refusing to assess eligibility until eleven to thirteen months before an inmate's projected release, even though the policy purports to permit placement in an RRC for more than six months with extraordinary justification. Petitioner argues that his medical history justifies immediate transfer to an RRC, and urges this Court to require the BOP to assess him immediately for transfer.

In *Lopez v. Davis*, 531 U.S. 230, 244 (2001), the Supreme Court recognized that "'[e]ven if a statutory scheme requires individualized determinations . . . the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority.'" *Lopez*, 531 U.S. at 244, 121 S.Ct. 714, (2001) (quoting *American Hospital Ass'n v. NLRB*, 499 U.S. 606, 612, 111 S.Ct. 1539,(1991)). Congress granted the BOP authority to designate the place of an inmate's imprisonment under 18 U.S.C. § 3621(b). Further, Congress burdened the BOP with a qualified obligation under 18 U.S.C. § 3624(c) to ensure placement under pre-release conditions except where placement is not practicable. However, the duty to place a prisoner in conditions affording the prisoner a reasonable opportunity to prepare for re-entry in to the community does not extend beyond the last six months of a prisoner's sentence. See *Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir.

2004).  By allowing inmates to transfer to an RRC for longer than six months, the Program Statement conforms with the Eighth Circuit's holding in *Elwood* that the BOP has discretion to transfer prisoners to community confinement centers at any time during their incarceration.  *Id.* at 847.

The Court, therefore, concludes, consistent with other District Courts in this Circuit, that the BOP has not acted contrary to law by applying the Program Statement and considering inmates for release to an RRC eleven to thirteen months prior to their projected release.  See *Lewis v. Whitehead*, 470 Supp.2d 1043, 1049 (D.S.D. 2007), appeals docketed, Nos. 07-1651, 07-1652, 07-1653, 07-1654 (8th Cir. March 22, 2007); *Fisher v. Morrison*, 2006 WL 1716135, *2 (D. Minn. June 20, 2006), appeal docketed, No. 06-2775 (8th Cir. June 30, 2006) (citing *Elwood v. Jeter*, 386 F.3d at 847).  As the court stated in *Lewis*, Petitioner has not presented any authority which "requires that the BOP conduct its final halfway house eligibility review, or immediately transfer a prisoner to a halfway house, on demand by the prisoner."  *Id*.

**II.      Conclusion**

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (#1) is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED, this 18th day of December, 2007.

_____
UNITED STATES MAGISTRATE JUDGE